19-3569
*Kramer v. State of Connecticut*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand twenty.

Present:
> JON O. NEWMAN,
> ROBERT A. KATZMANN,
> JOSEPH F. BIANCO,
> > *Circuit Judges*.

_____

EDWARD KRAMER,

> *Plaintiff-Appellant*,

> v.                                                      19-3569

STATE OF CONNECTICUT, DEPARTMENT OF CORRECTION, STATE OF CONNECTICUT, LEO ARNONE, DEPARTMENT OF CORRECTION COMMISSIONER, PETER MURPHY, WARDEN, CAPUTO, CORRECTIONS OFFICER,

> *Defendants-Appellees*,

SERRANO, CORRECTIONS OFFICER,

> *Defendant*.

_____

For Plaintiff-Appellant:                    John R. Williams, Law Office of John R. Williams, New Haven, Connecticut.

For Defendants-Appellees:                   Janelle R. Medeiros, James M. Belforti, Steven R. Strom, Assistant Attorneys General, Clare Kindall, Solicitor General, *for* William Tong, Attorney General, State of Connecticut, Hartford, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Chatigny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED.**

Plaintiff-appellant Edward Kramer appeals from a judgment of the district court, entered on September 30, 2019, granting the defendants' motion for summary judgment in this 42 U.S.C. § 1983 action. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Kramer challenges only the district court's dismissal of (1) his deliberate indifference to safety claim against defendant-appellee Caputo and (2) one aspect of his First Amendment free exercise of religion claim against defendant-appellee Murphy. "We review *de novo* a district court's grant of summary judgment, construing the evidence in the light most favorable to the nonmoving party and drawing all inferences and resolving all ambiguities in favor of the nonmoving party." *Doro v. Sheet Metal Workers' Int'l Ass'n*, 498 F.3d 152, 155 (2d Cir. 2007).[1] We will affirm an order granting summary judgment "only when no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Riegel v. Medtronic, Inc.*, 451 F.3d 104, 108 (2d Cir. 2006).

---

[1] Unless otherwise indicated, in quoting cases, we omit all internal citations, quotation marks, footnotes, and alterations.

Kramer's deliberate indifference claim arises out of corrections officer Caputo's alleged failure to prevent an assault on Kramer by another inmate after Kramer reported to Caputo that the same inmate had threatened to kill a third inmate housed in the same, small ward. The Due Process Clause of the Fourteenth Amendment requires prison officials to "take reasonable measures to guarantee the safety" of pretrial detainees, including measures to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994); *see Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) ("A detainee's rights are at least as great as the Eighth Amendment protections available to a convicted prisoner."). To prevail on his claim that Caputo violated this provision, Kramer must prove not only that he was incarcerated "under conditions posing a substantial risk of serious harm," but also that the prison official had a "sufficiently culpable state of mind," which in prison-conditions cases is one of "deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834.

We affirm the district court's grant of summary judgment in Caputo's favor largely for the reasons stated by the district court in its thorough opinion. While Kramer argues that Caputo was deliberately indifferent to his report that the perpetrator of the assault had threatened to kill another inmate, there is no evidence in the record to suggest that Caputo was aware of any threat to Kramer *himself*, or even that the perpetrator had a longstanding history of threatening behavior. Caputo is therefore entitled to judgment as a matter of law because, at a minimum, Kramer cannot show that he was incarcerated under conditions posing a substantial risk of serious harm to his safety.

Second, Kramer argues that the district court erred in granting summary judgment on his claim that Murphy violated the Free Exercise Clause of the First Amendment by denying his requests for grape juice on the Jewish Sabbath. Specifically, he argues that the appellees'

3

proffered penological interest for denying the juice, maintaining prison safety, is irrational because the prison regularly serves orange juice, which can also be brewed into alcohol.

Appellees argue that Kramer waived his challenge to their proffered penological interest by failing to raise it below. "It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006). Although "this rule is prudential, not jurisdictional, . . . . the circumstances normally do not militate in favor of an exercise of discretion to address new arguments on appeal where those arguments were available to the parties below and they proffer no reason for their failure to raise the arguments below." *Id.* Kramer concedes that his counseled response to the defendants' motion for summary judgment did not raise his instant challenge to the appellees' proffered penological interest, and he offers no explanation for failing to raise this issue below. Instead, he asks this Court to exercise its discretion to consider this issue because it was, according to him, "fully briefed by the defendant . . . and actually considered and decided by the district court." Reply at 8.

We, however, see no reason to depart from the general rule. As Kramer admits, he did not make his present argument on appeal to the district court although he had every reason to do so. Worse, he failed to expressly raise the free exercise rationale he now relies on in the operative complaint. Kramer's "Concise and Specific Statement of Claims"—which the district court ordered him to file, nearly four years after he brought this suit, in order to clarify which claims he intended to bring to trial—contains only scattershot references to grape juice, and does not elaborate on the legal basis for any resulting claims. Although defendants then sought to preempt such arguments by offering in their motion for summary judgment reasons for denying Kramer regular access to grape juice, Kramer's memorandum of law in opposition to the motion

4

nevertheless did not include any specific response to the defendants' proffered rationales.[2]

Under these circumstances, we decline to consider Kramer's argument now. *See Bogle-Assegai*, 470 F.3d at 504–05. In any event, we note that the district court rejected the claim for additional reasons.

We have considered Kramer's remaining arguments on appeal and have found in them no basis for reversal. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

---

[2]  Kramer's mere citation to exhibits reflecting his complaints concerning the prison's provision of grape juice on the Sabbath as part of a discussion of Murphy's personal involvement in the alleged constitutional violations does not constitute a challenge to the legitimacy of the prison's proffered penological interest